(38 Misc. Rep. 253.)

LYONS v. CITY OF NEW YORK. BANTA v. SAME. RAMSDELL v. SAME.

(Supreme Court, Trial Term, New York County. June, 1902.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—PAY OF MEDICAL OFFICERS.
    The charter of New York (Laws 1897, c. 378, § 740) provides that the pay of officers of the fire department shall remain fixed at the amount they were receiving from the municipal corporation in whose employ they were prior to the taking effect of such statute. Held to determine the salary of medical officers of the fire department of the former city of New York, who have been retained by the present city, whether they were entitled to be classed as members of the uniformed force of the former city or not, and such salary was not increased by any act of the fire commissioners and board of estimate of the former city in 1897 beyond the sum they had so received, where the action of such boards was taken after the new charter took effect.

Actions by Frederick A. Lyons, Francis M. Banta, and Edwin B. Ramsdell against the city of New York. Complaints dismissed.

Franklin Pierce, for plaintiffs.

George L. Rives, Corp. Counsel (William B. Crowell, of counsel), for defendant.

SCOTT, J. These three actions, arising upon the same state of facts, and involving the same questions, were by stipulation tried together before the court without a jury. Each of the plaintiffs is a medical officer of the fire department of the defendant corporation, and each of them was a medical officer in the fire department of the municipal corporation known as the "Mayor, Aldermen, and Commonalty of the City of New York," for a number of years prior to January 1, 1898. The question involved is whether they have each been entitled to receive since January 1, 1898, salaries at the rate of $3,000 per annum. Up to and including December 31, 1897, the salary of a medical officer in the fire department of the former city of New York was fixed at the sum of $2,000 per annum. It is claimed that, by reason of certain acts of the fire commissioners and board of estimate and apportionment of the former city of New York, the salary of such a medical officer was fixed at $3,000 per annum from and after January 1, 1898, and that, by section 740 of the Greater New York charter (Laws 1897, c. 378), such officer became entitled to be paid said increased salary, after January 1, 1898. Two questions which have been elaborately discussed by counsel I do not deem it necessary to decide. The first is whether the act of the board of fire commissioners of the former city of New York in presenting in 1897 a departmental estimate for the year 1898, in which was included in the estimate of the amount required for salaries an item of $9,000 for the salaries of three medical officers, and the action of the board of estimate and apportionment of said former city in adopting a final estimate for the year 1898, which appropriated the entire gross sum included in the departmental estimate for salaries, without subdivision into items, was equivalent to concurrent action by said board of fire commissioners and said board of estimate and apportionment fixing the salaries of such medical officers at $3,000 each for the year 1898. The second is whether or not medical officers in the fire department of the former city of New York were members of the "uniformed force." Neither of these questions can be said to be entirely free from doubt, but, in view of the language of the section of the charter upon which the plaintiffs rely, it is not material to pass upon them. The section, so far as applicable to the question involved in this action, reads as follows:

"The pay or compensation of the officers of the fire department and each of them mentioned in the first paragraph of this section * * * and of any other officers who, when this act takes effect, belong to the uniformed force of either of the fire departments hereby consolidated into one department, shall be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act."

Assuming for the purposes of these actions that the plaintiffs were, as they claim to have been, members of the uniformed force of the fire department of the former city of New York, this section absolutely fixes and determines their salaries as medical officers of the fire department of the present city of New York, and the standard by which such salaries are so fixed is the amount they were receiv-

ing or entitled to receive from the former city of New York. Until the 1st day of January, 1898, while they were in the employ of the former city of New York, they were concededly receiving and entitled to receive only $2,000 per annum. Whatever effect might otherwise be claimed for the action of the fire commissioners and the board of estimate and apportionment respecting the salaries of these officers, those boards had no power to fix any salary for them after the taking effect of the new charter, other or different from that which they were receiving or entitled to receive from the former city of New York at the moment the new charter went into effect. The departmental estimate submitted by the fire commissioners and the final estimate adopted by the board of estimate and apportionment had to do, not with the year 1897, but with the year 1898, and did not become effective until January 1, 1898. It is not contended and could not be successfully maintained that the submission and adoption of those estimates related to or in any wise affected the salaries to be paid to the plaintiffs during the year 1897, or before January 1, 1898. The Greater New York charter went into effect on January 1, 1898. At the very instant that it went into effect the municipal corporation known as the "Mayor, Aldermen, and Commonalty of the City of New York" ceased to exist, and the defendant corporation sprang into existence, and at that instant the salaries of the plaintiffs became fixed by operation of section 740 of the charter. They were so fixed at the amount they were then receiving or entitled to receive from the "municipal corporation in whose employ they were prior to the taking effect" of the charter; that is, the amount they were then receiving or entitled to receive from the mayor, aldermen, and commonalty of the city of New York, which was $2,000 per annum. The test of what they were to receive from the new city was what they were entitled to receive from the former city, and there never had been a single instant of time during which they had been entitled to receive from the former city more than $2,000 per annum. My conclusion is that section 740 of the charter fixed the salaries of the plaintiffs at the sum which they had been receiving and entitled to receive from the former city of New York up to the moment of consolidation, and as they have continued to receive that amount since January 1, 1898, their complaints must be dismissed, with costs.

Complaints dismissed, with costs.